# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE LEWIS, | 1:06-cv-01653-LJO-GSA-PC |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO INITIATE SERVICE OF PROCESS |
| v. | (Doc. 1.) |
| A. CAVAZOS, et al., | |
| Defendants. | |

**I.   BACKGROUND**

Plaintiff Wayne Lewis ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint on December 30, 2006. (Doc. 1.) On October 1, 2008, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and found that Plaintiff's complaint states a cognizable claim for relief under section 1983 against Defendants Correctional Officers A. Cavazos and A. Perales ("Defendants") only, for use of excessive physical force in violation of the Eighth Amendment. (Doc. 12.) Plaintiff was given leave to either file an amended complaint or notify the court that he wishes to proceed only with the claims found cognizable by the Court. On October 14, 2008, Plaintiff filed written notice that he does not wish to file an amended complaint and wishes to proceed only with the claims found cognizable by the Court. (Doc. 13.) [1]

---

[1] In a Findings and Recommendations issued concurrently with this order, the Court recommended that Plaintiff's claims for intentional obstruction of his right to file prison grievances be dismissed from this action for failure to state a claim upon which relief may be granted under § 1983. In addition, the Court recommended dismissal of defendant Appeals Coordinator J. Jones from this action, for plaintiff's failure to state any claim against this defendant under § 1983.

1

## II. SERVICE OF PROCESS BY PLAINTIFF

Plaintiff paid the filing fee in full for initiating this action. Because Plaintiff is not proceeding in forma pauperis, it is Plaintiff's responsibility to effect service of the summons and complaint on Defendants Cavazos and Perales. The Clerk of the Court will be directed to issue two summonses to Plaintiff for the purpose of service of process. Fed. R. Civ. P. 4.

Plaintiff shall complete service of process in accordance with Federal Rule of Civil Procedure 4 within one-hundred twenty (120) days from the date of service of this order. Plaintiff shall serve a copy of this order on each defendant together with a copy of the summons and complaint. The following two sections contain instructions on how to serve Defendants.

### A. Waiver of Service

Pursuant to Rule 4(d)(2), Plaintiff may (but is not required to) notify Defendants Cavazos and Perales of the commencement of this action and request that they waive service of the summons. Fed. R. Civ. P. 4(d)(2). If Plaintiff wishes to do this, he must mail each defendant (1) the form entitled "Notice of Lawsuit and Request for Waiver of Service for Summons," (2) the form entitled "Waiver of Service of Summons," and (3) a copy of the complaint. The documents must be addressed directly to each defendant (<u>not the Attorney General's Office</u>) and must be dispatched (mailed) through first-class mail. The Waiver of Service of Summons form must set forth the date on which the request is sent and must allow each defendant at least thirty (30) days in which to return the waiver to Plaintiff. If Defendants sign and return the waiver forms to Plaintiff, Plaintiff must then file the forms with the Court. After filing the forms with the Court, Plaintiff need not take any further steps to serve Defendants. Fed. R. Civ. P. 4(d)(4).

### B. Personal Service

If either (1) Plaintiff does not wish to request Defendants to waive service <u>or</u> (2) one or more of the defendants fail to return the Waiver of Service of Summons form to Plaintiff, Plaintiff must have personal service effected on Defendants. Each defendant must be personally served with a summons and copy of the complaint, along with a copy of this order. <u>Plaintiff may not effect personal service himself</u>. Fed. R. Civ. P. 4(c). <u>Service may be effected by any person who is not a party to this action and who is at least eighteen years old</u>. <u>Id</u>. The Court will provide Plaintiff with

a copy of Rule 4 along with this order. Plaintiff should review Rule 4(e)(2), which addresses how personal service may be effected. After personal service is effected on Defendants, Plaintiff must file proof of service with the Court. Fed. R. Civ. P. 4(l).

### III.     CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to issue and send Plaintiff two (2) summonses for Defendants Correctional Officers A. Cavazos and A. Perales.

2. The Clerk is further directed to send Plaintiff:

    a) One (1) copy of the complaint filed October 30, 2006 (Doc. 1.);

    b) One (1) copy of the form entitled "Notice of Lawsuit and Request for Waiver of Service of Summons;"

    c) One (1) copy of the form entitled "Waiver of Service;"

    d) One (1) copy of the form entitled "Consent to Proceed Before United States Magistrate Judge" with instructions; and

    e) One (1) copy of Rule 4 of the Federal Rules of Civil Procedure

3. Plaintiff shall complete service of process on Defendants Cavazos and Perales within **one-hundred twenty (120) days** from the date of service of this order. Plaintiff shall serve a copy of this order and a copy of the form "Consent to Proceed Before United States Magistrate Judge" on Defendants at the time of service of the summons and complaint.

4. Plaintiff's failure to timely complete service of the complaint on Defendants Cavazos and Perales may result in dismissal of this action. Fed. R. Civ. P. 4(m).

IT IS SO ORDERED.

Dated:   **November 10, 2008**              /s/ **Gary S. Austin**
                                                                          UNITED STATES MAGISTRATE JUDGE