IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE LEWIS,<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>A. CAVAZOS, et al.,<br><br>　　　Defendants. | 1:06-cv-01653-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE, WITH PREJUDICE, FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE<br>(Doc. 25.)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

　　　On August 21, 2009, the court issued an order requiring plaintiff to file an opposition or statement of non-opposition to the motion to dismiss filed by defendants on April 23, 2009, within thirty days. (Doc. 25.) The thirty day period has now expired, and plaintiff has not filed an opposition or statement of non-opposition, or otherwise responded to the court's order.

　　　In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

1  "'The public's interest in expeditious resolution of litigation always favors dismissal,'" id.
2  (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has
3  been pending since 2006.  Plaintiff's failure to respond to the Court's order may reflect Plaintiff's
4  disinterest in prosecuting this case.  In such an instance, the Court cannot continue to expend its scarce
5  resources assisting a litigant who will not help himself by defending against the pending motion to
6  dismiss this action.  Thus, both the first and second factors weigh in favor of dismissal.

7  Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of
8  itself to warrant dismissal."  Id. (citing Yourish at 991).  However, "delay inherently increases the risk
9  that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to file
10  a response to defendants' motion to dismiss that is causing delay.  Therefore, the third factor weighs in
11  favor of dismissal.

12  As for the availability of lesser sanctions, at this stage in the proceedings there is little available
13  to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further
14  unnecessary expenditure of its scarce resources.  In a case where plaintiff fails to prosecute, monetary
15  sanctions are of little use, and given defendants' pending motion to dismiss the action for failure to
16  exhaust administrative remedies, the preclusion of evidence or witnesses is not available.  Plaintiff was
17  forewarned in the court's order that failure to comply would result in dismissal of this action with
18  prejudice.  Dismissal with prejudice is a harsh sanction.  However, inasmuch as this order does not
19  dismiss the action but makes findings and recommendations to the United States District Judge assigned
20  to this case, plaintiff will be granted time to file objections if he wishes.

21  Finally, because public policy favors disposition on the merits, this factor will always weigh
22  against dismissal.  Id. at 643.

23  Accordingly, the court HEREBY RECOMMENDS that this action be dismissed with prejudice
24  based on plaintiff's failure to obey the court's order of August 21, 2009 and failure to prosecute.

25  These findings and recommendations are submitted to the United States District Judge assigned
26  to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being
27  served with these findings and recommendations, plaintiff may file written objections with the court.
28

2

1 Such a document should be captioned "Objections to Magistrate Judge's Findings and
2 Recommendations."  Plaintiff is advised that failure to file objections within the specified time may
3 waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    **Dated:   October 15, 2009**              /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE